# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DON WALKER,               )
                          )
      Petitioner,      )
                          )
vs.                       )   No. CIV-10-1182-D
                          )
ERIC FRANKLIN, Warden,    )
                          )
      Respondent.      )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241,[1] seeking habeas relief from a state court conviction. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss the petition based upon Petitioner's failure to exhaust his claim, to which Petitioner has not responded. Since Petitioner's time to respond to the motion to dismiss has lapsed, the motion is at issue.[2] For the following reasons, the undersigned recommends that Respondent's motion to dismiss be granted.

---

[1] Petitioner does not state whether he is bringing his claims under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, but since he is clearly attacking the execution of his sentence, those claims are proper under § 2241.

[2] Local Civil Rule 7.1(g) provides that a motion must be responded to within twenty-one days or it may be deemed confessed. Petitioner was advised of this requirement in an order dated November 10, 2010. [Doc. No. 5].

By this action, Petitioner challenges his continued confinement at Lexington Correctional Center, alleging that he completed his sentence five days prior to the date he filed his petition and that his continued confinement is unconstitutional. Petition, 1. Thus, Petitioner asks that the Court order his immediate release from the Oklahoma Department of Corrections' custody. Petition, 2.

## I. MOTION TO DISMISS

Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his state judicial remedies by presenting his claim to the appropriate state district court and the Oklahoma Court of Criminal Appeals. Respondent's Motion to Dismiss, 3-6.[3]

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); see Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.

---

[3]Respondent also asserts and shows that Petitioner did not exhaust his administrative remedies either. Respondent's Motion to Dismiss, 2-3, Ex. 3.

2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford, 548 U.S. at 90. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203. The petitioner bears the burden to show that state court remedies have been exhausted. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995); Peters v. Heredia, No. 08-2247, 335 Fed. Appx. 788, 790 (10th Cir. July 1, 2009).[4]

Petitioner has not exhausted available remedies concerning his habeas claim. Oklahoma affords state prisoners the ability to bring a writ of habeas corpus to seek release from unconstitutional confinement. Okla. Stat. tit. 12, § 1331; State v. Powell, 237 P.3d 779, 780 (Okla. 2010); see also Crank v. Jenks, No. 07-7000, 224 Fed. Appx. 838, 839 (10th Cir. May 21, 2007) (federal habeas petitioner arguing that retroactive application of state law affecting his parole was unconstitutional was required to first file habeas petition in state court). A search of Petitioner's name in the dockets for Cleveland County and the Oklahoma Court of Criminal Appeals shows that Petitioner has not filed a habeas action regarding his claims with either of those courts. Respondent's Motion to Dismiss, Exs. 4-5. Further, Petitioner's filing of his federal habeas action five days after he claims he should have been released suggests that he never presented his claims to the state courts as he was required to

---

[4]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

do. As it is Petitioner's burden to show that he has exhausted his state court remedies prior to filing his federal habeas action and he has failed to respond to Respondent's motion to dismiss, the undersigned finds that Petitioner have failed to meet his burden and recommends that Respondent's motion be granted and Petitioner's petition be dismissed for failure to exhaust his state court remedies.

Additionally, the undersigned notes that a subsequent review of the Oklahoma Department of Corrections' website shows that Petitioner was discharged from custody on December 22, 2010, and his status is currently listed as "inactive" on that website. Thus, it appears that the petition is now moot. See Crawford v. Booker, No. 99-3121, 2000 WL 1179782, at *1 (10th Cir. Aug. 21, 2000) ("The power to grant a writ of habeas corpus under [28 U.S.C.] § 2241 is dependent on the prisoner being in 'custody.'").

**RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Respondent's Motion to Dismiss be granted, and Petitioner's petition for a writ of habeas corpus be dismissed without prejudice for his failure to exhaust available state court remedies.. Petitioner is advised of the right to object to this Report and Recommendation by January 27, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 7th day of January, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE